# THE UNITED STATES DISTRICT COURT
# NORTHER DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| LeafFilter North, Inc., | ) | CASE NO.:  5:16CV1366 |
| | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| James C. Caldwell, et al., | ) | |
| | ) | (Resolves Docs. 24, 28) |
| | ) | |
| | ) | |
| Defendants. | ) | |

Pending before the Court is a motion for attorney fees and costs filed by Plaintiff LeafFilter (Doc. 20) and a motion to strike the sur-reply filed by Defendants in opposition to that motion (Doc. 28).  The motion for attorney fees and costs is GRANTED as detailed herein.  As no information contained in the sur-reply affected the Court's reasoning, the motion to strike is DENIED AS MOOT.

There can be no dispute that LeafFilter is entitled to recover fees and costs in this matter pursuant to a contractual provision negotiated between it and Defendants David Wright and James C. Caldwell.  However, an open question remains as to whether the fees requested by LeafFilter are reasonable and appropriate to award.

In the instant matter, LeafFilter seeks $29,147.96.  In determining the reasonableness of a fee request, the Court will begin by considering the lodestar amount,

which is the number of hours reasonably expended multiplied by a reasonable hourly rate. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005). In determining the lodestar amount and any adjustments, the Court must consider the following factors, as first set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714, 717–19 (5th Cir. 1974): (1) the time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment due to acceptance of this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Blanchard v. Bergeron*, 489 U.S. 87, 91 n. 5 (1989); *Hensley*, 461 U.S. at 430 n. 4; *Isabel*, 404 F.3d at 415; *Paschal v. Flagstar Bank*, 297 F.3d 431, 435 (6th Cir. 2002). The most important factor in determining the reasonableness of an attorneys' fees is the degree of success obtained. *Isabel*, 404 F.3d at 416.

In the instant matter, there is no question that LeafFilter obtained success, having negotiated an agreed upon permanent injunction. On the other hand, LeafFilter asserts fees of nearly $13,000 prior to the filing of the complaint. While the Court acknowledges that time was required to research and draft the complaint and the temporary restraining order, the Court also must acknowledge that drafting those matters also included time devoted to defendants that do not have a fee-shifting contractual provision. Moreover, the complaint contains claims that this Court has found were subject to arbitration – a forum in which LeafFilter will no doubt again assert its right to recover costs and fees if

it successful. As such, this Court must evaluate whether the fee request is reasonable when viewed in a limited capacity – that is, LeafFilter sought and obtained injunctive relief. With that background in mind, the Court cannot conclude that the fee request is reasonable. Even if some portion of the claimed choice of law and jurisdictional research was necessary, it is not proportional to the claims that were properly brought before the Court.

Having evaluated the totality of the claims properly before this Court and the success obtained by LeafFilter, the Court finds that a fee award of $10,000 is appropriate and that LeafFilter's request for fees in the amount of $1,933.96 is appropriate. Accordingly, LeafFilter is awarded its fees and costs in the amount of $11,933.96 against Defendants Wright and James C. Caldwell.

This matter is hereby administratively CLOSED. The matter may be reopened to litigate the remaining claims that are not subject to arbitration upon the motion of any party.

IT IS SO ORDERED.


___February 23, 2017___          ___/s/ John R. Adams_____
                                JUDGE JOHN R. ADAMS
                                UNITED STATES DISTRICT COURT